## TICE v. BRADLEY, et al.
No. 77-2399-SP.

County Court, Palm Beach County.

July 5, 1977.

Ralph O. Wallace of Manners & Amoon, Miami, for the defendants.

DANIEL T. K. HURLEY, County Court Judge.

This cause came on before the court for final hearing and from the testimony and evidence presented therein the court makes the following —

### Findings of fact

Margaret Hines Tice, the plaintiff, is the oldest child of Luella and William Bradley. She is the sister of the four defendants. Their father, William H. Bradley, died at the age of eighty-two in 1971. All of the parties to this action gathered at the E. Earl Smith and Son Funeral Home in Lake Worth and there, after obtaining price information, etc., and after discussing and agreeing as to how the costs of the funeral would be shared among the members of the family, each of the decedent's five children affixed his or her signature to a contract for burial services. The total cost was $1,372.44. Though not a signatory to the contract, the deced-

ent's wife, Luella, agreed to pay $500 toward the cost of the funeral. Also, the children were aware of the existence of a Veterans Administration allowance of $250. This left a balance of $622.44 and consequently each of the five signatories to the contract agreed to pay the sum of $124.40.

During the interval between December of 1971 and November of 1975, the following payments were made to the funeral home (1) Luella Bradley: $500; (2) Veterans Administration: $250; (3) Margaret Hines Tice: (two $10 payments) $20; (4) Donna James: $124.40; (5) Mary Vogel (three $5 payments) $15; and (6) James Bradley: one payment of $25.

In April of 1974 the plaintiff's mother, Mrs. Luella Bradley, died and Margaret Hines Tice individually signed a second contract with the same funeral home. There was neither a written or oral agreement to share the costs of the burial expenses.

Plaintiff's husband died in November of 1975 and at that time she entered into a third contract with E. Earl Smith and Son Funeral Home. On November 18, 1975 she remitted the sum of $438.04 which was the balance due for her father's burial and additionally paid the sum of $1,481.99 for her mother's burial expenses.

In this action she sues her brother and sisters for reimbursement for both expenditures.

From the foregoing findings of fact the court reached the following —

### Conclusions of law

Treating these claims in reverse chronological order, the plaintiff has failed to produce any evidence which would subject her brother and sisters to liability for their mother's funeral expenses. The contract, (plaintiff's exhibit 2) contains but one purchasing signature, that of the plaintiff. Additionally, there was abundant testimony regarding the existence of an insurance policy to explain the absence of co-signatories to the contract.

The father's funeral, however, presents a different situation. Each of the children (plaintiff and the four defendants) signed the contract and thereby became jointly and severally liable. After considering available resources ($500 from their mother and a Veterans Administration allowance) each agreed to pay a proportionate share of $124.40, and, indeed, from 1971 to 1975 each made a contribution toward that share. Donna James, for example, made full payment of $124.40. Thus from the outset Margaret Hines Tice and her brother and sisters were co-obligors on the contract.

In a post-trial brief the defendants asserted that they were not liable for the first funeral because they claimed that the plaintiff's payment of $438.04 was a voluntary gesture. They relied upon the general rule stated in 24 Fla. Jur., *Payment*, §5 —

> "A person cannot by voluntary payment of a debt of another make himself that man's creditor and recover from him the amount of the debt so paid."

But the above citation in the defendants' brief is too sharply cut. The very next sentence which was omitted, reads —

> "If a person is compelled to pay money that another is bound by law to pay, a promise by the latter is raised by law to reimburse the person paying."

As a co-obligor, Margaret Hines Tice, is bound by the general rule that in order to entitle one co-obligor to contribution of others, payment by her must have been compulsory, that is to say she must have been under legal obligation to pay, but it is not necessary that payment be made under actual compulsion by legal process. See 7 Fla. Jur., *Contribution*, §3.

No one has disputed the legality of the contract with the funeral home. While legal action was not commenced to secure payment of the 1971 debt, the context and time frame of its payment in 1975 at a time when the plaintiff was required to procure additional burial services, suggests that she had little choice but to pay all of the past due bills which included that of her father's funeral.

The defendants are bound by the general rule that all co-obligors must contribute equally in discharging their common obligation and that a co-obligor who has paid more than his proportionate share is entitled to contribution. What is the proportionate share of a co-obligor depends upon the agreement between or among the co-obligors. See J. Calamary and J. Perillo, *Contracts*, §333 (1st ed 1970).

As set forth in 7 Fla. Jur., *Contribution*, §2 —

> "The principle of contribution is based on a principle of justice and equity, that one person should not be singled out of several who are equally liable, to pay the whole demand; it is a principle of equality in bearing a common burden. When one pays or satisfies or is compelled to pay or satisfy the whole or more than his share of a common burden, duty, or obligation upon others also liable or bound to discharge it, the law gives the party paying a remedy by way of contribution against the others to obtain from them payment of their respective shares."

Accordingly, it is ordered and adjudged that the plaintiff, Margaret Hines Tice, shall take and have judgment against the defendant James Bradley in the sum of $99.40, for which let execution issue, and it is further ordered and adjudged that the plaintiff, Margaret Hines Tice, shall take and have judgment against the defendant Betty Pritchard Terhune in the sum of $124.40, for which let execution issue, and it is further ordered and adjudged that the plaintiff, Margaret Hines Tice, shall take and have judgment against the defendant Mary Vogel in the sum of $109.40, for which let execution issue, and it is further ordered and adjudged that the plaintiff, Margaret Hines Tice, shall take nothing by this action against the defendant Donna James and that said defendant, Donna James, shall go hence without day.